**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Susan E. Allen,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>　　　　　Defendant. | No. CV-22-02154-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiff Susan E. Allen's application for attorneys' fees under the Equal Access to Justice Act ("EAJA"). (Doc. 39). Defendant, Acting Commissioner of the Social Security Administration (the "Commissioner"), responded. (Doc. 44). Plaintiff filed a reply. (Doc. 45). The Court now rules.

**I.    BACKGROUND**

Plaintiff applied for Social Security disability benefits in March 2015. (Doc. 18-6 at 3). Plaintiff's application was denied at the initial stage, upon reconsideration, and by an administrative law judge ("ALJ") after a hearing. (Doc. 18-4 at 14, 33; Doc. 18-3 at 21). The Social Security Administration ("SSA") Appeals Council denied Plaintiff's request for review of the ALJ's decision. (Doc. 18-3 at 3). Plaintiff filed an action seeking review of the Commissioner's final decision under 42 U.S.C. § 405(g). (Doc. 1). This Court affirmed the Commissioner's decision. (Doc. 30). Plaintiff appealed. (Doc. 32). The Ninth Circuit Court of Appeals reversed and remanded. (Doc. 35).

## II. DISCUSSION

"Under EAJA, a litigant is entitled to attorney's fees and costs if: (1) he is the prevailing party; (2) the government fails to show that its position was substantially justified or that special circumstances make an award unjust; and (3) the requested fees and costs are reasonable." *Carbonell v. I.N.S.*, 429 F.3d 894, 898 (9th Cir. 2005); *see also Perez-Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002); 28 U.S.C. § 2412(d)(1)(A).

Plaintiff's counsel requests $32,029.88 in attorneys' fees plus $1,007.00 in filing fees. (Doc. 45 at 25–26; Doc. 39 at 7). The Commissioner argues that its position was substantially justified, and alternatively that Plaintiff's requested fees are not reasonable. (Doc. 33 at 2). The Court will discuss each EAJA entitlement prong in turn.

### A. Prevailing Party

The Commissioner does not dispute that Plaintiff is the prevailing party. (*See* Doc. 44 at 2). An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits are ultimately awarded. *Shalala v. Schaefer*, 509 U.S. 292, 300–02 (1993). Because the denial of Plaintiff's benefits was reversed and remanded, the Court finds Plaintiff is the prevailing party. As the prevailing party, Plaintiff is entitled to attorneys' fees unless the Commissioner shows that its position with respect to the issue on which the Court of Appeals based its remand was substantially justified. *Flores v. Shalala*, 49 F.3d 562, 569 (9th Cir. 2008).

### B. Substantially Justified

The Commissioner argues that Plaintiff is not entitled to EAJA fees because the Commissioner's position was substantially justified. (Doc. 44 at 2). The Commissioner does not argue that special circumstances exist that would make an award of fees unjust. (*See id.* at 1–7).

In EAJA actions, the government bears the burden of proving that its position was substantially justified. *Gonzales v. Free Speech Coalition*, 408 F.3d 613, 618 (9th Cir. 2005). To be substantially justified, a position must be "justified in substance or in the

main—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (holding that "substantially justified" means having a reasonable basis both in law and fact). A position can be substantially justified "even though it is not correct" so long as "a reasonable person could think it correct." *Id.* at 566 n.2.

The "position of the United States" includes both its litigating position and the "action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D); *Ibrahim v. U.S. Dep't of Homeland Sec.*, 912 F.3d 1147, 1168 (9th Cir. 2019) ("Thus, the substantial justification test is comprised of two inquiries, one directed toward the government agency's conduct, and the other toward the government's attorneys' conduct during litigation."). In the social security context, courts look to the ALJ's decision to determine whether the government's position in the underlying agency action was substantially justified. *Meier v. Colvin*, 727 F.3d 867, 870–72 (9th Cir. 2013). When analyzing the government's litigation position for substantial justification, the Court's inquiry should be focused on the issue that was the basis for remand and not the merits of Plaintiff's claim in its entirety or the ultimate disability determination. *Flores*, 49 F.3d at 569; *see also Corbin v. Apfel*, 149 F.3d 1051, 1052 (9th Cir. 1998) ("The government's position must be substantially justified at each stage of the proceedings." (citation and quotation marks omitted)).

Here, the Ninth Circuit Court of Appeals found that in formulating Plaintiff's residual functional capacity, the ALJ erred in rejecting Plaintiff's pain testimony and in affording no weight to the medical opinion of Plaintiff's treating physician. (Doc. 35-1 at 3–4). The Court of Appeals explained that substantial evidence does not support the ALJ's finding that this evidence was inconsistent with the record. (*Id.*).

In addition to the ALJ's finding that Plaintiff's testimony was inconsistent with the medical record, the ALJ also considered Plaintiff's work history in assessing the credibility of Plaintiff's testimony—specifically, that Plaintiff "stopped working because she was laid off on or about the alleged onset date, rather than due to her pain complaints and maladies."

1  (Doc. 18-3 at 32). Although the Court of Appeals specifically found that "substantial
2  evidence does not support the ALJ's rejection of [Plaintiff's] testimony based on [the]
3  purported inconsistencies" identified by the ALJ, the Court of Appeals did not address the
4  ALJ's findings regarding Plaintiff's work history. (*See* Doc. 44 at 5). It is thus unclear
5  whether the Court of Appeals left open or foreclosed reliance on Plaintiff's work history
6  as a reason to discredit Plaintiff's testimony. Further, the Court of Appeals reversed and
7  remanded "for further proceedings" but did not specify whether it was remanding for an
8  immediate award of benefits or for further development of the record. (Doc. 35-1 at 2).
9        Because this confusion lies at the heart of the parties' dispute about whether the
10 Commissioner's position was substantially justified, this Court must attempt to ascertain
11 what the Court of Appeals intended when it remanded this case. It is this Court's belief that
12 the Court of Appeals was remanding for further development of the record, and that on
13 remand the ALJ is to reevaluate Plaintiff's residual functional capacity—this time
14 affording appropriate weight to the opinion of Plaintiff's treating physician and taking into
15 account Plaintiff's testimony that "her fibromyalgia, among other conditions, caused too
16 much pain to allow her to engage in" light work. (*See* Doc. 35-1 at 2–4). Accordingly,
17 although the Court of Appeals did not address Plaintiff's work history, this Court will
18 operate under the assumption that the Court of Appeals rejected reliance on Plaintiff's work
19 history to discredit Plaintiff's testimony.
20       When the Court of Appeals "hold[s] that the agency's decision . . . was unsupported
21 by substantial evidence," it is "a strong indication that the 'position of the United
22 States' . . . was not substantially justified." *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th
23 Cir. 2005); *Meier v. Colvin*, 727 F.3d 867, 872 (9th Cir. 2013) ("Given the significant
24 similarity between this standard and the substantial justification standard . . . [The Ninth
25 Circuit] and other circuits have held that a 'holding that the agency's decision . . . was
26 unsupported by substantial evidence is . . . a strong indication that the position of the
27 United States . . . was not substantially justified.'" (quoting *Thangaraja*, 428 F.3d at 874));
28 *Benally v. United States Office of Navajo & Hopi Indian Relocation*, 154 F.4th 630, 639

(9th Cir. 2025) (concluding the government's denial of benefits "was not substantially justified because . . . its decision was not supported by substantial evidence"). The Court of Appeals has "repeatedly held that 'it will be only a decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record." *Benally*, 154 F.4th at 639 (quoting *Thangaraja*, 428 F.3d at 874); *see also Al-Harbi v. I.N.S.*, 284 F.3d 1080, 1085 (9th Cir. 2002) (noting that it is uncommon for there to be a substantial justification under the EAJA when the agency's decision was reversed because it was unsupported by substantial evidence).

      The Commissioner does not argue that this is a "decidedly unusual case" that would warrant a finding that the government's position was substantially justified. (*See* Doc. 44). The Commissioner instead argues that its position was substantially justified because there was a "genuine dispute" in which "reasonable minds disagreed." (*Id.* at 2–3, 6). The Commissioner essentially argues that despite the Court of Appeals conclusion that substantial evidence does not support the ALJ's decision, this Court's finding that there was substantial evidence suggests that reasonable minds could find that there was substantial evidence. (*Id.* at 2–7).

      However, the Ninth Circuit Court of Appeals has previously rejected this argument. In *Benally*, the Court of Appeals concluded that the agency's decision was not based on substantial evidence. *Benally*, 154 F.4th at 639. The government in that case did not argue that it was a "decidedly unusual case," but instead argued "that its litigation position was justified because the evidence relied on" by the agency in denying benefits "could satisfy a reasonable person." *Id.* The Court of Appeals found "the government's attempt to relitigate the merits" of the underlying case to be unpersuasive. *Id.*; *see also Meier*, 727 F.3d at 873 (finding that "the government's litigation position" was not substantially justified when the government's position was "defending the ALJ's errors on appeal"); *I.N.S. v. Jean*, 496 U.S. 154, 163 (1990) ("A request for attorney's fees should not result in a second major litigation." (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983))).

1    Likewise, this Court is not persuaded by the Commissioner's defense of the ALJ's
2 errors and attempt to relitigate the merits of the case. The Ninth Circuit Court of Appeals
3 found that the ALJ's rejection of Plaintiff's testimony and the opinion of her treating
4 physician were not supported by substantial evidence. This Court cannot second guess the
5 Court of Appeals opinion and must accept its conclusion that the ALJ's findings were not
6 supported by substantial evidence. Thus, the Commissioner's argument that reasonable
7 minds could find substantial evidence was foreclosed when the Court of Appeals
8 determined that there was not substantial evidence.
9    Accordingly, the Commissioner has failed to demonstrate that its position is
10 substantially justified. Plaintiff is therefore entitled to reasonable fees under the EAJA.

**C. Reasonableness**

Once the Court has found entitlement to fees under the EAJA, the Court must review the fee request to ensure that the amount of fees requested is reasonable. Indeed, the Court "has an independent obligation to ensure that the request is reasonable." *Antunez v. Comm'r of Soc. Sec. Admin.*, No. CV-16-01072-PHX-JAT, 2017 WL 4075830, at *2 (D. Ariz. Sept. 13, 2017) (citations omitted). To calculate reasonable attorney's fees under the EAJA, "the court multiplies 'the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate.'" *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012) (quoting *Hensley*, 461 U.S. at 433). "The number of hours to be compensated is calculated by considering whether, in light of the circumstances, the time could reasonably have been billed to a private client." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008).

Plaintiff's counsel, Mr. Sloan, initially requested $31,191.30 in attorneys' fees plus $1,007.00 in filing fees. (Doc. 39 at 7; Doc. 39-2). Plaintiff's counsel also requests an additional $2,518.40 for the time Plaintiff spent preparing the reply brief. (Doc. 45 at 24-25). The Commissioner argues that Plaintiff's attorneys' fees are unreasonable and proposes a reduced fee of $21,913.92 plus $1,007.00 in costs. (Doc. 44 at 14, 16). Plaintiff's counsel agreed to a voluntary reduction of fees and now requests $32,029.88 in

attorneys' fees plus $1,007.00 in filing fees. (*Id.* at 25–26). Plaintiff's counsel also concedes that any fees should be paid to Plaintiff rather than her attorney's firm. (*Id.* at 23; Doc. 44 at 14–15). The Court will address each of the Commissioner's arguments regarding the reasonableness of Plaintiff's fees in turn.

> i. <u>Paralegal Billing</u>

The Commissioner argues that with the exception of 1.25 hours for drafting and filing the EAJA application, Plaintiff's other paralegal billing is for non-compensable clerical tasks. (Doc. 44 at 8); *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989) ("[P]urely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them."). The Commissioner does not oppose the hourly rate of $100.00 for paralegal work identified by Plaintiff. (Doc. 39 at 6; Doc. 44 at 8 n.2); *see Nadarajah v. Holder*, 569 F.3d 906 (9th Cir. 2009) (finding an hourly rate of $100 per hour for paralegals to be reasonable). The Commissioner proposes a $740 reduction representing 7.4 hours billed at the paralegal rate of $100.00 per hour. (Doc. 44 at 8). Plaintiff agrees to exclude the 7.4 hours of paralegal time, resulting in a $740.00 reduction. (Doc. 45 at 8). Therefore, to account for paralegal billing of clerical work, the fee request is reduced by $740, representing 7.4 hours at the hourly rate of $100 for paralegal work.

> ii. <u>Attorney Billing of Clerical Tasks</u>

The Commissioner argues that Plaintiff's attorney billing improperly includes clerical entries that should be omitted or reduced from the fee award. (Doc. 44 at 10). "When clerical tasks are billed at hourly rates, the court should reduce the hours requested to account for the billing errors." *Nadarajah*, 569 F.3d at 921. The Commissioner does not oppose Mr. Sloan's hourly rate, which matches the statutory maximum hourly rates under the EAJA. (*See* Doc. 44 at 14, 16; Doc. 39-2 at 4).

The Commissioner objects to the following entries by Mr. Sloan because they are purely clerical tasks: 0.05 hours on March 12, 2024 for calling and leaving a voicemail for the client; 0.5 hours on July 17, 2024 for submitting Plaintiff's brief, excerpts of record, and the certified administrative record; 0.75 hours on July 18, 2024 for making edits to his

filing and resending it per Court order; 0.1 hours on March 26, 2025 for submitting a notice of hearing acknowledgment. (Doc. 44 at 10). These proposed reductions for clerical tasks amount to $352.58, representing 1.4 hours at $251.84 per hour. Plaintiff agrees to this reduction of clerical tasks. (Doc. 45 at 8–9).

Additionally, the Commissioner objects to the following entries by Mr. Sloan because they are "combined clerical/attorney billings": 2.5 hours out of 3.5 hours on July 16, 2024 for making final edits to Plaintiff's brief and creating and formatting the table of contents and excerpts of record; 1.5 hours out of 3 hours on January 2, 2025 for doing a read-through of the response and reply, making final edits, drafting the table of contents and table of authorities, and submitting the brief; 1.5 hours out of 2.25 hours on June 9, 2023 for making final edits, ensuring correct formatting, and submitting the brief via ECF; 0.5 hours out of 8.5 hours on September 13, 2023 for drafting the reply brief and submitting it via ECF. (Doc. 44 at 10–11). These proposed reductions amount to $1,496.60, representing 4 hours at $251.84 per hour, and 2 hours at $244.62 per hour. In total, the Commissioner's proposed reductions amount to $1849.18—5.4 hours at $251.84 per hour, and 2 hours at $244.62 per hour. (Doc. 44 at 11).

Plaintiff agrees that the requested rate should be reduced to account for the portion of these entries that amounted to clerical tasks but disagrees with the Commissioner's proposed reductions, arguing that these simple clerical tasks did not take a significant amount of time and should not result in the "major reductions" the Commissioner suggests. (Doc. 45 at 9). Plaintiff instead proposes a reduction of 4 hours at the $251.84 rate, totaling $1007.36, "to account for any attorney time spent performing clerical tasks." (Doc. 45 at 9). The Court will accept Plaintiff's proposed reduction of 4 hours at $251.84 per hour, totaling $1,007.36. The Court agrees this excises all clerical work from the bill.

      iii. <u>Unreasonable Attorney Billing Hours</u>

In the initial motion for fees, Plaintiff's counsel requests 121.80 hours in attorney work. (Doc. 39-2 at 4). After the voluntary reduction of 4 hours, plus the 10 hours requested for the reply brief, Plaintiff's counsel requests a total of 127.8 hours in attorney work. (Doc.

45 at 25). The Commissioner argues that the hours requested by Plaintiff's counsel are unreasonable and proposes a reduction of 25.6 hours at the $251.84 hourly rate (totaling $6,447.10) for time spent on appellate briefing. (Doc. 44 at 13–14).

First, the Commissioner argues that the number of hours requested are excessive because this case involved "standard issues," Plaintiff's counsel "has been handling disability cases" for over a decade, and Plaintiff's counsel "has been the lead attorney throughout the district court and appellate litigation," and therefore it is unreasonable for Plaintiff's counsel to require approximately "60 hours to brief an appeal when he already spent over 33 hours briefing the same case in the district court." (*Id.* at 12).

As Plaintiff's counsel points out, the Ninth Circuit Court of Appeals has cautioned that classifying a social security case as "routine" is "a bit of a misnomer as social security disability cases are often highly fact-intensive and require careful review of the administrative record, including complex medical evidence." *Costa*, 690 F.3d at 1134 n.1. The Ninth Circuit Court of Appeals noted that "reviewing the amount of time spent in other cases to decide how much time an attorney could reasonably spend on the particular case before the court" is useful for determining the reasonableness of a requested hourly rate, but "is far less useful for assessing how much time an attorney can reasonably spend on a specific case because that determination will always depend on case-specific factors including, among others, the complexity of the legal issues, the procedural history, the size of the record, and when counsel was retained." *Id.* at 1136. Accordingly, the Court is not persuaded by the Commissioner's argument that the number of hours should be reduced because this case involved "standard issues." (*See* Doc. 44 at 11–12).

Additionally, Plaintiff's counsel argues that his experience handling disability cases is not a valid basis for a reduction of fees. (Doc. 45 at 11–12); *Moreno*, 534 F.3d at 1112 ("By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker."); *see also Farmer v. Comm'r of Soc. Sec.,* No. 6:23-cv-545-SI, 2025 WL 1555477, at *3 (D. Or. June 2, 2025) ("The Court also rejects

1  Defendant's objection that counsel was experienced and thus should have taken less time.
2  Counsel's significant experience weighs on the side of accepting counsel's representation
3  that this particular case took as long as counsel attests."); *Hernandez v. Kijakazi*, No. 1:19-
4  cv-01621-HBK, 2022 WL 9452249, at *3 (E.D. Cal. Oct. 14, 2022) ("[C]ounsel's
5  expertise, standing alone, does not render the hours expended unreasonable because social
6  security cases are fact-intensive and require a careful application of the law."). Moreover,
7  Plaintiff's counsel argues that while he has substantial experience litigating social security
8  matters before the district court, he does not routinely litigate appeals before the Courts of
9  Appeals. (Doc. 45 at 12). The Court agrees that Plaintiff's counsel's experience with social
10 security disability cases does not warrant a reduction of fees.

11 Next, the Commissioner argues that the hours billed were duplicative because "there
12 were significant similarities between the research and writing" submitted before this Court
13 and the Ninth Circuit Court of Appeals. (Doc. 44 at 13). Specifically, the Commissioner
14 argues Plaintiff's briefing was duplicative in the statement of the case, the discussion of
15 evidence from Dr. Sparks, and the arguments about the ALJ's evaluation of Plaintiff's
16 symptoms testimony. (*Id.*). The Commissioner also argues that Plaintiff's counsel "reduced
17 his arguments from three to two on the appeal" and thus should not have expended "double
18 the time briefing the appeal." (*Id.*).

19 Plaintiff responds that the three hours spent drafting the statement of the case was
20 not excessive because it included "the jurisdictional statement, the summary of the
21 regulatory framework, the additional procedural facts related to the district court appeal,"
22 and a "review of the medical background summary with admittedly only minor tweaks."
23 (Doc. 45 at 13). Plaintiff further argues that the discussion of Dr. Sparks opinion and the
24 arguments pertaining to Plaintiff's symptom testimony do not justify a reduction of 25.6
25 hours. (*Id.* at 14). Plaintiff asserts that "some overlap with the district-court briefing is not
26 only expected but required" because "new arguments cannot be raised for the first time on
27 appeal," so the "core legal issues" remain the same. (*Id.*); *see Whittaker Corp. v. Execuair*
28 *Corp.*, 736 F.2d 1341, 1346 (9th Cir. 1984) ("Legal arguments normally may not be raised

for the first time on appeal . . . ."). Plaintiff's counsel acknowledges that the facts and legal standards may have been duplicative, but the "core work on appeal was not duplicative because counsel had to substantially re-analyze the case through the lens of appellate standards, develop arguments responding to the district court's reasoning, reorganize the structure, refine the legal theory, and produce an entirely new, targeted appellate presentation." (Doc. 45 at 14).

While the Commissioner points out that portions of Plaintiff's briefings are duplicative, the Commissioner does not explain why the number of hours spent on these tasks is unreasonable or justifies a reduction of 25.6 hours. The Court finds a distinction between alleging that portions of the briefings are duplicative and alleging a duplication of effort. It is reasonable to expect appellate briefing to overlap to some extent with the briefing below when the core issues remain the same. However, a lawyer can still be compensated for time spent drafting the appellate brief even if some portions were borrowed from the briefing below. The Ninth Circuit Court of Appeals has cautioned that "[f]indings of duplicative work should not become a shortcut for reducing an award without identifying just why the requested fee was excessive and by how much." *Costa*, 690 F.3d at 1136 (quoting *Moreno*, 534 F.3d at 1113). The Court of Appeals emphasized that "necessary duplication—based on the vicissitudes of the litigation process—cannot be a legitimate basis for a fee reduction. It is only where the lawyer does *unnecessarily* duplicative work that the court may legitimately cut the hours." *Moreno*, 534 F.3d at 1113. The Court finds that even if portions of Plaintiff's briefings were duplicative, the time spent drafting the appellate brief was not unnecessarily duplicative. The Court therefore declines to reduce the award on the basis that there is some overlap between Plaintiff's briefings.

Further, Plaintiff's counsel argues that his familiarity with the case does not make the hours spent on appeal excessive. (Doc. 45 at 15). Plaintiff's counsel asserts that a year had passed before he started working on Plaintiff's appellate brief, and during that time had "dozens of intervening cases, clients, and factual records." (*Id.* at 15). Additionally, Plaintiff's counsel argues that the "Ninth Circuit appeal required increased legal analysis,

1  a distinct standard of review, and a direct engagement with the district court's errors." (*Id.*
2  at 16).

3  As the Ninth Circuit Court of Appeals has stated, "[w]hen a case goes on for many
4  years, a lot of legal work product will grow stale; a competent lawyer won't rely entirely
5  on last year's, or even last month's, research," and "[a] lawyer also needs to get up to speed
6  with the research previously performed." *Moreno*, 534 F.3d at 1112. The Court of Appeals
7  explained that "[a]ll this is duplication, of course, but it's *necessary* duplication; it is
8  inherent in the process of litigating over time." *Id.* The Court therefore rejects the
9  Commissioner's argument that the number of hours should have been lower based on
10 Plaintiff's counsel's familiarity with the case. (*See* Doc. 44 at 12–13).

11 While an expenditure of 127.8 hours is on the high end for social security cases, the
12 Court will not penalize Plaintiff's counsel on this basis. *See Cintron v. Comm'r of Soc.
13 Sec.*, No. 2:13-cv-7125(KM), 2015 WL 3938998, at *4 (D.N.J. June 25, 2015) ("Perhaps
14 the briefs were done more carefully, even exhaustively, than is typical in Social Security
15 litigation, but that does not make the amounts of time requested unreasonable. Plaintiff's
16 counsel should not be penalized for doing careful work."). After review of the relevant fee
17 award factors, *see Hensley*, 461 U.S. at 430 n.3, the Court finds that the requested number
18 of hours is reasonable and that Plaintiff is entitled to the statutory hourly rate pursuant to
19 the EAJA and *Thangaraja*, 428 F.3d at 876–77. The Court is cognizant that "lawyers are
20 not likely to spend unnecessary time on contingency fee cases in the hope of inflating their
21 fees" because "[t]he payoff is too uncertain, as to both the result and the amount of the
22 fee." *Moreno*, 534 F.3d at 1112. The Court therefore defers to the judgment of Plaintiff's
23 counsel as to the number of hours he was required to spend on the case and will not further
24 reduce the fee. *See Moreno*, 534 F.3d at 1112 ("By and large, the court should defer to the
25 winning lawyer's professional judgment as to how much time he was required to spend on
26 the case; after all, he won, and might not have, had he been more of a slacker.").

27       iv.    <u>Fees for Fees</u>
28 The Supreme Court has acknowledged that "the EAJA may provide compensation

for *all* aspects of fee litigation," including "a party's preparation of a fee application and its ensuing efforts to support that same application." *Jean*, 496 U.S. at 162. The Commissioner argues that fees for fees should be denied "to the extent that Plaintiff is ultimately unsuccessful." (Doc. 44 at 14). The Supreme Court has instructed that "fees for fee litigation should be excluded to the extent that the applicant ultimately fails to prevail in such litigation." *Jean*, 496 U.S. at 163 n.10. "For example, if the Government's challenge to a requested rate for paralegal time resulted in the court's recalculating and reducing the award for paralegal time from the requested amount, then the applicant should not receive fees for the time spent defending the higher rate." *Id.*

Here, Plaintiff prevailed on the substantial justification argument and in defending the reasonableness of the requested fees other than the hours billed for clerical work. Although the Court reduced the award for paralegal time spent on clerical work, Plaintiff's counsel did not spend any time defending the higher amount in the Reply Brief. (*See* Doc. 45 at 8). Moreover, although the Court reduced the award for attorney time spent on clerical work, Plaintiff proposed voluntary reductions that the Court ultimately adopted. (*See id.* at 8–10). Because Plaintiff ultimately prevailed in the positions defended in the Reply Brief, the Court finds that Plaintiff's counsel should be awarded the 10 hours requested for time spent on the Reply Brief (totaling $2,518.40).

**III.   CONCLUSION**

In sum, the initial fee request of $31,191.30 is reduced by $740 for paralegal billing of clerical tasks and $1,007.36 for attorney billing of clerical tasks, totaling $29,443.94. The Court also awards the $2,518.40 requested for time spent drafting the reply brief, totaling $31,962.34.

**IT IS ORDERED** granting the motion for attorney's fees under the EAJA (Doc. 39) such that fees and expenses in the amount of $31,962.34 as authorized by 28 U.S.C. § 2412, and costs in the amount of $1,007.00 as authorized by 28 U.S.C. § 1920, are awarded to Plaintiff.

**IT IS FURTHER ORDERED** that if, after receiving this Order, the Commissioner: (1) determines that Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program, and (2) agrees to waive the requirements of the Anti-Assignment Act, then the fees awarded herein will be paid to Plaintiff's attorney pursuant to the assignment executed by Plaintiff. However, if there is a debt owed under the Treasury Offset Program, the Commissioner cannot agree to waive the requirements of the Anti-Assignment Act, and any remaining Equal Access to Justice Act fees after offset will be paid to Plaintiff but delivered to Plaintiff's attorney.[1]

Dated this 7th day of January, 2026.

_James A. Teilborg_
Senior United States District Judge

---

[1] This award is without prejudice to Plaintiff seeking attorneys' fees under section 206(b) of the Social Security Act, 42 U.S.C. § 406(b), subject to the offset provisions of the EAJA.